THOMAS JOSEPH BRATULICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bratulich v. Commissioner
Docket No. 7243-88
United States Tax Court
T.C. Memo 1990-600; 1990 Tax Ct. Memo LEXIS 675; 60 T.C.M. (CCH) 1308; T.C.M. (RIA) 90600; November 26, 1990, Filed *675 Decision will be entered under Rule 155. Thomas L. Iliff, for the petitioner. Douglas W. Hines, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax under section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(b)(1)
6653(b)(2)
6661
1983
$  4,522.94
$ 226.15
*
-- --
--
1984
33,780.40
--
--
$ 20,679.70
*
$ 8,445.10
*677 After a concession by respondent, the issues are (1) whether petitioner is entitled to deduct $ 1,825 of travel and related expenses as ordinary and necessary business expenses in 1983; (2) whether petitioner is entitled to the long-term capital gain deduction for the sale of gemstones in 1983; (3) whether petitioner is entitled to an adjustment of $ 3,508 as the cost of goods sold in 1983; (4) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) in 1983; (5) whether petitioner failed to report $ 48,558 of income from marijuana sales in 1984; (6) whether petitioner is entitled to a deduction for a personal exemption for his daughter in 1984; (7) whether petitioner is liable for additions to tax for fraud under sections 6653(b)(1) and (2) in 1984; and (8) whether petitioner is liable for a substantial understatement addition to tax under section 6661 in 1984. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts are stipulated and are so found. Petitioner resided in Little Canada, Minnesota when he filed his petition. *678 Background
Over a period of several years prior to and including the years at issue, petitioner had been involved in drug trafficking activities. On September 9, 1978, petitioner was arrested by an officer of the St. Louis Park Police Department for operating a motor vehicle under the influence of alcohol. At the time of petitioner's arrest, several pounds of suspected marijuana were in his vehicle, and petitioner had over $ 16,000 in cash in his possession. On June 5, 1980, petitioner's residence was searched pursuant to a search warrant. The fruits of this search were marijuana, cocaine, and over $ 11,000 in cash. On June 10, 1980, a complaint was filed in the Dakota County District Court charging petitioner with one count of possession of marijuana with the intent to distribute and one count of possession of cocaine with the intent to distribute under Minnesota law. Petitioner later pled guilty to one count of possession of cocaine in exchange for dismissal of the original charges. On June 4, 1984, in Delray Beach, Florida police officers arrested petitioner purchasing 120 pounds of marijuana. Police seized approximately $ 88,800 in cash from petitioner at the *679 time of his arrest. The $ 88,800 belonged to petitioner exclusively. As a result of this incident, petitioner pled guilty to the charge of one count of possession of marijuana in excess of 20 grams, with intent to sell, under the laws of Florida. Charlie Roche (Roche) was petitioner's supplier of marijuana in Florida. Mark Wolhowe (Wolhowe) was a local contractor who had done work for petitioner and who acted as petitioner's driver during the June 4, 1984, episode. Wolhowe was arrested and convicted of one felony count of trafficking in marijuana in connection with this incident. Petitioner, on his tax return for 1983, took deductions for expenses and an adjustment for cost of goods sold in connection with an alleged "gemstone business." We find that there was no such "gemstone business" and that the entries on petitioner's tax return were intended as a front or cover up for his drug activities. 1. Deduction for travel and related expenses
The first issue is whether petitioner is entitled to deduct travel and related expenses of $ 1,825 as ordinary and necessary gemstone business expenses under section 162 in 1983. Respondent disallowed these expenses contending that *680 petitioner did not sell gemstones in 1983 but instead sold drugs. Petitioner did not testify, and no documentation or other evidence of the gemstone business was admitted to evidence. Wolhowe testified that petitioner told him that during the years 1981 through 1983, "the IRS was talking to him [petitioner], and he said he had been selling jewels when in actuality he had been selling drugs and hadn't been selling jewels." Wolhowe's testimony was believable, and he clearly established petitioner's involvement in drug trafficking. Evidence of these expenses consisted of used airplane tickets and hotel and restaurant receipts. There were seven flights among the claimed expenses, five of which involved Florida locations. Roche was petitioner's marijuana supplier in Florida. Included in the $ 1,825 expenses claimed was a meal with Roche at the Seafood Connection for $ 56.24. A hotel receipt substantiating these expenses listed petitioner's and Roche's names. We conclude that the trips to Florida and other locations were drug-buying expeditions, and thus the claimed travel and related expenses were incurred in connection with drug business, which would not be deductible pursuant *681 to section 280E. 2. Capital gains deduction
Respondent disallowed petitioner's 1983 capital gain deduction with respect to the sale of 1 aquamarine beryl and 15 garnets as petitioner had not established his basis in the gems or that they were capital assets held for more than 1 year. Petitioner has offered no evidence on this issue. Accordingly, we hold for respondent. 3. Cost of goods sold
Respondent determined that petitioner was not entitled to an adjustment of $ 3,508 as the cost of goods in 1983 because he had not established that this amount was paid for gemstones, that he was in the gemstone business, and that even if a like amount was paid for drugs, no substantiation of the adjustment was made. We have already concluded that petitioner did not operate a gemstone business in 1983. He offered no evidence regarding the $ 3,508 purportedly paid for drugs. Petitioner, in the absence of any substantiation in the record, is thus not entitled to an adjustment for the purported cost of goods sold of $ 3,508 in 1983. 4. Negligence addition
Our next inquiry is whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1983. *682 Petitioner has the burden of proof to show he was not negligent, but has offered no evidence on this issue. Rule 142(a); . Petitioner is liable for additions to tax under section 6653(a)(1) and (2). 5. Unreported income issue
Respondent determined that petitioner failed to report $ 49,558 of income from marijuana sales in 1984. The deficiency was determined as follows: Currency seized by Delray Beach police
$  89,800
Currency expenditure for Porsche
8,000
Personal living expenses ($ 13/day X 366 days)
4,758
Total seized cash and expenditures
102,558
Income reported by petitioner per return
53,000
Increase to income
$  49,558
Petitioner admits that he sold drugs in 1984, but disputes the amount of income respondent determined that he received from such sales. Respondent later conceded that the amount seized was actually $ 88,800, thus reducing unreported income to $ 48,558. Generally, determinations in notices of deficiency are entitled to a presumption of correctness, and this Court will not look behind such notices to examine the evidence upon which respondent based *683 his determinations. , affd. without published opinion (7th Cir. 1986). However, a special rule applies in cases involving alleged illegal unreported income. In order for respondent to rely upon the presumption of correctness in a such a case, respondent must offer evidence connecting petitioner to the specific illegal income-producing activity. ; , affg. in part and revg. and remanding in part . However, the special rule does not apply where a determination is based on seized cash. Such determination is entitled to a presumption of correctness even in the absence of evidence connecting the taxpayer to an illegal income-producing activity. , affd. without published opinion . Section 6001 requires all taxpayers to maintain sufficient records to determine their correct tax liabilities. In cases where a taxpayer fails to keep books and records, *684 respondent is authorized under section 446 to reconstruct a taxpayer's income. Sec. 446(b); . The expenditures method of reconstructing income is based on the assumption that the amount by which a taxpayer's expenditures exceed his reported income has taxable origins absent some explanation by the taxpayer. . Petitioner bears the burden of proving incorrect respondent's determination. To meet this burden, petitioner must prove either that someone else made the expenditures or that the funds he used for the expenditures were from nontaxable sources. . Respondent did not rely entirely on the presumption of correctness given a notice of deficiency but placed evidence in the record connecting petitioner to marijuana sales. We have found that petitioner engaged in drug trafficking activities during 1984. Petitioner did not keep records of his income. Respondent reconstructed petitioner's income using the receipts and expenditures method. However, petitioner argues on brief that such expenditures *685 were from nontaxable sources. Petitioner offered no evidence that someone else made the expenditures or that such expenditures were from nontaxable sources. The parties stipulated that petitioner had over $ 16,000 in cash when he was arrested in 1978, and over $ 11,000 in cash when his home was searched in 1980. Petitioner asserts that because he had these amounts in earlier years, the $ 88,800 in his possession when he was arrested on June 4, 1984, was not earned in 1984 but was savings from prior years. However, no evidence was presented that petitioner saved any money in 1978, 1980, or in any other year. Petitioner has not carried his burden of proving a lower amount of income than respondent determined or the nontaxable source of funds spent or in his possession in 1984. 6. Exemption deduction
Respondent determined that petitioner was not entitled to a deduction for an exemption for his minor daughter in 1984. The parties stipulated that petitioner had a daughter who lived with her mother, petitioner's former spouse, during 1984, and that petitioner paid $ 1,000 towards his daughter's support in that year. However, to qualify for the claimed deduction as a noncustodial *686 parent for 1984, petitioner must, at a minimum, show either that there existed a decree or written agreement between him and the child's mother stating that he was entitled to any dependency deduction for 1984, or that he provided at least $ 1,200 in support for his daughter in 1984. Sec. 152(e). Petitioner did not offer any evidence to make either of the threshold minimum showings. Although petitioner asserts on brief that he provided at least $ 1,200 for his daughter's support, there is no evidence to support amounts in excess of the $ 1,000 stipulated by the parties. Petitioner has not carried his burden of proof and we find for respondent on this issue. 7. Additions to tax for fraud
Our next inquiry is whether petitioner is liable for additions to tax for fraud in 1984 under section 6653(b)(1) and (2). Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet this burden, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes, and that an underpayment exists. ; *687 . We find that respondent has carried his burden of establishing both these elements by clear and convincing evidence. The existence of fraud is a question of fact. , affd. without published opinion . The mere understatement of income, standing alone, is not sufficient to establish fraud. . The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. ; . An intent to conceal or mislead may be inferred from a pattern of underreporting of income, especially when such a pattern is accompanied by other circumstances showing an intent to conceal. . There was clear and convincing evidence of petitioner's fraud. Petitioner failed to report income for 1983 and 1984. For 1983, we have not found that any part of the deficiency *688 was due to fraud. However, petitioner engaged in illicit drug sales in that year and concealed this income by claiming he operated a gemstone business, which in fact did not exist. When questioned about his finances, petitioner told an employee of the Internal Revenue Service that he sold gemstones when he in fact sold marijuana. Even after his arrest on June 4, 1984, petitioner did not report all of his income from marijuana sales, but only a portion of it. His 1984 return listed his drug trafficking as "commodity wholesale transactions," which was designed to mislead. This return was not filed by the due date, but on May 1, 1986. Other evidence of fraud is petitioner's pattern of concealing his income-producing activities. For 1983 and 1984, petitioner maintained no records of his marijuana sales activities, a fact we find indicates an intent to conceal his activities and evade taxes. Petitioner attempted to conceal further his drug activities by dealing in cash. In 1984, petitioner was arrested and $ 88,800 in cash was in his possession. Earlier in 1984, petitioner purchased a Porsche with $ 8,000 in cash. In 1980, his residence was searched pursuant to a warrant and $ *689 11,000 in cash was found. In 1978, petitioner was stopped for a traffic violation and $ 16,000 in cash was in his possession. Petitioner was also engaged in "money exchanging." Seth Williams (Williams), a former narcotics police officer, testified that he conducted a narcotics investigation of petitioner. As part of this investigation he determined that petitioner had been involved in "money exchanging" at a local bank on at least two occasions during 1983. "Money exchanging" is the practice of exchanging smaller denominations of bills such as $ 10 and $ 20 bills for larger denominations and is commonly conducted by those involved in the drug trade to facilitate drug transactions and to make storage and transportation of money easier. On several occasions during 1983, Williams observed cars parked at petitioner's residence which were registered to people known to be involved in narcotics trafficking. Based upon his investigation, Williams concluded that petitioner was involved in drug trafficking in 1983 and 1984. Petitioner had only one bank account during the years at issue, in which he kept only a small amount of money. Wolhowe also testified that petitioner owned rental *690 property for the purpose of laundering receipts from his illegal drug business. Petitioner paid Wolhowe in cash for construction work he did for petitioner during 1983 and 1984. Respondent's determination of fraud under section 6653(b)(1) and (2) is sustained. 8. Substantial understatement addition
The next issue is whether petitioner is liable for a substantial understatement addition to tax under section 6661 in 1984. Under section 6661, if there is a substantial understatement of income tax due, 25 percent of the underpayment attributable to such understatement will be added to the tax. Sec. 6661(a). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A)(i) and (ii); . Petitioner failed to report $ 48,558 in gross income. Petitioner's failure to include such gross income, together with improperly claiming a dependency exemption deduction, resulted in a deficiency of $ 33,280.40 for 1984. This amount is a substantial understatement and, accordingly, petitioner is liable for an addition to tax under *691 section 6661 for 1984. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩